1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROCKEFELLER PHOTOS, LLC,              Case No. 2:25-cv-00105-CSK

12              Plaintiff,

13         v.                              ORDER GRANTING IN PART
                                           PLAINTIFF'S MOTION TO TRANSFER
14    FULL STACK LLC,                       VENUE

15              Defendant.                  (ECF No. 8)

16

17         Pending before the Court is Plaintiff Rockefeller Photos, LLC's motion to transfer

18    this case to the United States District Court for the Southern District of New York and for

19    leave to file a First Amended Complaint ("FAC"). (ECF No. 8.) Defendant Full Stack LLC

20    has not appeared in this case and has not opposed the motion. *See* Docket. The Court

21    finds Plaintiff's motion suitable for decision without oral argument pursuant to Local Rule

22    230(g) and vacates the June 24, 2025 hearing. For the reasons that follow, the Court

23    orders that Plaintiff's motion is GRANTED IN PART, transferring this action to the

24    Northern District of New York. The Court declines to address Plaintiff's motion to amend

25    the Complaint.[1]

26    / / /

27    _____

28    [1]  This matter proceeds before the undersigned pursuant to the direct assignment under
      Appendix A(m) of the Local Rules.

1    **I.    LEGAL STANDARDS**

2        For claims of copyright infringement, venue is governed by the Copyright Act.

3    *Unicolors Inc. V. Myth Clothing Co. Inc.*, 2016 WL 738289, at *3 (C.D. Cal. Feb. 22,

4    2016). Venue for copyright infringement claims is proper "in the district in which the

5    defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). The Ninth Circuit

6    interprets this provision to allow venue "in any judicial district in which the defendant

7    would be amenable to personal jurisdiction if the district were a separate state." *Brayton*

8    *Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010), *abrogated on*

9    *other grounds by Axiom Foods, Inc. v. Acerchem Internat., Inc.*, 874 F.3d 1064, 1069-70

10   (9th Cir. 2017). A court has general personal jurisdiction over a corporation in the place

11   of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117,

12   137 (2014). This principle applies to limited liability companies. *See Allen v. Shutterfly,*

13   *Inc.*, 2020 WL 5517170, at *3 (N.D. Cal. Sept. 14, 2020).

14       If a court determines the appropriate venue for a case lies in another division or

15   district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to

16   any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if

17   venue is proper, a court may transfer an action to another district under 28 U.S.C.

18   § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice."

19   **II.    DISCUSSION**

20       Plaintiff seeks leave to file a FAC and transfer this case to the Southern District of

21   New York. Pl. Mot. at 1 (ECF No. 8.) Plaintiff states that the initial Complaint asserted a

22   claim for copyright infringement against Defendant Full Stack LLC, a limited liability

23   company organized and existing under the laws of the State of California with its

24   principal place of business located in Sacramento, California. *Id.* ¶ 1; *see* Compl. ¶ 2

25   (ECF No. 1). Defendant Full Stack LLC, named in the initial Complaint, contacted

26   Plaintiff and informed Plaintiff that Full Stack LLC was not the correct defendant, and

27   provided corporate documents supporting this representation. Pl. Mot. ¶ 2. Plaintiff

28   conducted further research, and believes the correct entity that should be party to the

1    lawsuit is Full Stack LLC, a limited liability company organized and existing under the

2    laws of the State of Delaware with its principal place of business in New York. *Id.* ¶ 3.

3    Plaintiff states that the correct Full Stack LLC agent for service of process is located in

4    New York:  Northwest Registered Agent LLC, 418 Broadway, Suite N, Albany, New

5    York. Pl. Proposed FAC ¶ 2 (ECF No. 8-1). Plaintiff inadvertently named the incorrect

6    party as the Defendant, and seeks leave to amend the Complaint to name the correct

7    Defendant. Pl. Mot. ¶ 4.

8         The Court finds it appropriate to grant Plaintiff's request to transfer this case. *See*

9    *Unicolors Inc.*, 2016 WL 738289, at \*7. The correct defendant allegedly has its principal

10    place of business in New York, which makes New York a proper venue under the

11    Copyright Act because a court in New York has personal jurisdiction over the correct

12    defendant. *See Brayton Purcell LLP*, 606 F.3d at 1128; *Daimler AG*, 571 U.S. at 137.

13    However, Plaintiff has not demonstrated why the Southern District of New York is a

14    proper venue. Plaintiff alleges that Defendant's agent for service is located in Albany,

15    New York, which is located in the Northern District of New York. Plaintiff alleges that

16    Defendant has its principal place of business in New York, but does not provide an

17    address or the city. Accordingly, the Court finds it appropriate to transfer this case to the

18    Northern District of New York. *See* 28 U.S.C. § 1406(a).

19         The Court declines to reach the merits of Plaintiff's motion to file an amended

20    Complaint in light of the transfer.

21    **III.**      **CONCLUSION**

22         In conclusion, IT IS HEREBY ORDERED that:

23        1.      Plaintiff Rockefeller Photos, LLC's motion to transfer and file an amended

24            Complaint (ECF No. 8) is GRANTED IN PART as follows:

25            a.      The action is TRANSFERED to the United States District Court for

26                    the Northern District of New York; and

27            b.      The Court declines to reach the merits of Plaintiff's motion that

28                    requests to file an amended Complaint in light of the transfer;

1       2.      All previously set deadlines and hearings are VACATED; and

2       3.      The Clerk of the Court be directed to CLOSE this case.

3

4    Dated:  June 12, 2025

5                                     CHI SOO KIM

6                                     UNITED STATES MAGISTRATE JUDGE

7    5, rock.0105.25

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4